# HIPOLITA VICENTA PESQUERA

*v.*

# SUCCESSION ARTURO BIRD ARIAS.

San Juan, Law, No. 1250.

DAMAGES FOR SEDUCTION.

Tort—Criminal Code.
Under the Spanish system damages were recovered in a criminal prosecution. Quære—as to the effect upon the general provisions

Pesquera v. Arias.

for damages for tort or regulations of the substitution of criminal proceedings under the American rule which does not provide for recovery of damages in criminal cases. Libel and seduction, however, have been provided for by legislation.

Opinion filed September 12, 1918.

*Mr. H. G. Molina* for plaintiff.

*Mr. D. F. Kelley* for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit comes up at present upon a demurrer to the complaint setting out that under § 261 of the Penal Code of Porto Rico there can be no damages recovered against a married man. The said section is as follows: "Every person, who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable by imprisonment in the penitentiary for not more than five years, or by a fine of not more than $5000, or by both such fine and imprisonment." [Compilation 1911, § 5703.]

Under the old Spanish law damages growing out of a crime were recovered as part of the criminal prosecution itself, and hence it would seem that damages under the Spanish equivalent of the Porto Rican Civil Code, § 1803, should be held limited to any act or negligence which was not in itself a crime. The crime being punished under another section of the law, this particular section of the law must have some other reference. If this construction be correct, when the Spanish Criminal

Code was abolished, or what is the same thing, another Civil Code omitting this feature as to collateral damages was adopted, damages arising out of any and all crimes were abolished. Section 1803, not being specifically extended to them, could not strictly be construed any more broadly than it was when adopted originally in Spain. This has presented some difficulties and has been cured as to libel and some other matters by specific legislation giving damages in such special cases. It is quite true that the section of the new Criminal Code relied upon punishes criminally seduction under promise of marriage, but it does not declare, and strictly speaking it could not in a criminal code provide, that there should be no damages recovered for any other form of seduction, provided that is to be considered as a tort.

The question above indicated, however, need not be decided in this particular case. Section 58 of the Code of Civil Procedure, adopted verbatim from § 374 of the California Code of Civil Procedure, expressly makes seduction in general a tort by providing damages therefor without limiting it to the specific form which in addition is made a crime under the Penal Code. Marshall v. Taylor, 98 Cal. 59, 35 Am. St. Rep. 144, 32 Pac. 867. In other words the legislature has, in adopting the Code of Civil Procedure, effected as to this particular subject the same result which was effected as to libel by the special act on that subject, that is, allow damages therefor. Under this view of the case §§ 1059, 1083, 1242, and corresponding sections of the Civil Code, do not apply.

The demurrer is overruled. It is so ordered.